IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **PEARL IP LICENSING LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**T-MOBILE USA, INC.,**<br><br>Defendant. | Case No. 6:20-cv-00260<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Pearl IP Licensing LLC, by and through the undersigned counsel, files this Complaint for patent infringement against Defendant, and in support states, all upon information and belief:

**PARTIES**

1. Plaintiff Pearl IP Licensing LLC ("Pearl IP" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Texas and having its registered office at 815 Brazos St, Ste 500, Austin, TX 78701 and an office address at 2108 Dallas Pkwy, Ste 214 - 1042, Plano, TX 75093-4362.

2. Defendant T-Mobile USA, Inc. is a Delaware corporation with its principal place of business at 12920 Southeast 38th Street, Bellevue, Washington 98006. ("T-Mobile" or "Defendant"). T-Mobile USA, Inc. may be served through its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. On information and belief, T-Mobile USA, Inc. is registered to do business in the State of Texas and has been since at least November 22, 1999.

## JURISDICTION AND VENUE

3. T-Mobile conducts business operations within the Western District of Texas in several stores and facilities throughout the District, including its facilities at 100 North New Road, Suite 110, Waco, Texas 76710; 2448 West Loop 340, Suite 24A, Waco, Texas 7611; and 208 Hewitt Drive, #200, Waco, Texas 76712. T-Mobile has offices in the Western District of Texas where it sells, develops, and/or markets its products including sales offices in Waco, Texas.

4. Defendant T-Mobile, directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the patent-in-suit. Moreover, T-Mobile is registered to do business in the State of Texas, has offices and facilities in the State of Texas, and actively directs its activities to customers located in the State of Texas.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Defendant T-Mobile is registered to do business in the State of Texas, has offices and stores in the State of Texas, and upon information and belief, has transacted business in the Western District of Texas and has committed acts of direct and indirect infringement in the Western District of Texas.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b). T-Mobile maintains a regular and established place of business in this District, including by maintaining or controlling retail stores in this District and by maintaining and operating base station antennas in this District, including on cellular towers and other installation sites owned or leased by T-Mobile.

**PATENT 6,819,539**

7. U.S. Patent No. 6,819,539, entitled "Method For Circuit Recovery From Overstress Conditions" (the "539 Patent") was duly and legally issued on November 16, 2004. A true and correct copy of the '539 Patent is attached as Exhibit A.

8. The Patent disclosed and exemplified a unique and valuable apparatus for circuit recovery from overstress conditions, comprising circuits for detecting an event and resetting a device when the event is a first predetermined type and circuits for providing recovery when the event is a second predetermined type. (See '539 Abstract).

9. Plaintiff is the named assignee of, owns all right, title and interest in, and has standing to sue and recover all past damages for infringement of the '539 Patent.

**COUNT I – INFRINGEMENT OF THE '539 PATENT**

10. Plaintiff restates and incorporates by reference the foregoing allegations.

11. In violation of 35 U.S.C. §271, T-Mobile directly infringed at least claim 8 of the '539 Patent by selling apparatus within the scope of claim 1 of the '539 Patent (but excluding any apparatuses made or sold by Samsung) ("Accused Instrumentality").

12. Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing the correspondence between one exemplary version of an Accused Instrumentality and claim 8 of the '539 Patent.

13. Defendant has had knowledge of infringement of the '539 Patent at least as of the service of the present Complaint.

14. As a result of Defendant's infringement of the '539 Patent, Plaintiff has suffered damages.

15. Plaintiff is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

16. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff Pearl IP LLC respectfully requests that the Court find in its favor and against Defendant T-Mobile USA, Inc., and that the Court grant Plaintiff the following relief:

A. an adjudication that Defendant had infringed the '539 Patent;

B. an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '539 Patent through its expiration, including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts; and

C. any and all such further relief at law or in equity that the Court may deem just and proper, including but not limited to attorneys' fees.

Dated: March 31, 2020                Respectfully submitted by:

| | |
|---|---|
| *Of Counsel:* | */s/ Jay Johnson* |
| George Pazuniak (#478) | Jay Johnson |
| O'KELLY & ERNEST, LLC | Kizzia Johnson PLLC |
| 824 N. Market Street | 1910 Pacific Ave, Ste 13000, |
| Suite 1001A | Dallas, Texas 75201 |
| Wilmington, DE 19801 | 214-451-0164 |
| (302) 478-4230 | jay@kjpllc.com |
| gp@del-iplaw.com | |
| | *Attorney for Plaintiff* |